**CV 10- 4749**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

DONTAE SEBBERN,

                              Plaintiff,   **COMPLAINT**

        -against-

THE CITY OF NEW YORK; P.O. CHRISTOPHER
PARCO; P.O. JOHN/ JANE DOES #1-6; the       ECF Case
individual defendants sued individually and
in their official capacity,                     Jury Trial Demanded

                            Defendants.

-----------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 15 2010 ★
BROOKLYN OFFICE

MAUSKOPF, J.

AZRACK, M.J.

**PRELIMINARY STATEMENT**

1.   This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. The claims arise from an incident that occurred on or about July 15, 2009. During the incident defendant City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, assault and battery, unlawful search and seizure, retaliation for free speech, conspiracy, harassment, unconstitutional conditions of confinement, unlawful strip-search, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award

of costs and attorney's fees, pursuant to 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A Notice of Claim was duly filed on defendant City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

### PARTIES

5. Plaintiff Dontae Sebbern is a resident of the State of New York, Richmond County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant P.O. Christopher Parco is a New York City Police Officer, employed with the 120th Precinct, located in Staten Island, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

8. Defendant P.O. John/ Jane Does #1-6 are unknown New York City Police Officers, employed with the 120th Precinct, located in Staten Island, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10. On July 15, 2009, at and in the vicinity of 1465 Castleton Avenue, Staten Island, New York, the 120th Precinct, located in Staten Island, New York and Richmond County Central Booking, several police officers operating from the 120th Precinct, including upon information and belief, defendants P.O. Christopher Parco and P.O. John/ Jane Does #1-6, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

11. On July 15, 2009, at approximately 5:00 p.m., at and in the vicinity of 1465 Castleton Avenue, Staten Island, New York, while plaintiff was lawfully driving a vehicle on the

roadway, the individual defendants, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully detained plaintiff.

12. Plaintiff was not free to disregard the defendant's questions, drive away or leave the scene, once the defendants detained him.

13. Defendants then falsely informed plaintiff that he had been pulled over because he had driven through a stop sign. When plaintiff informed the defendants that there was not a stop sign at the intersection that was indicated, he was ordered to exit the vehicle and place his hands on the hood.

14. Plaintiff exited the vehicle and complied with the defendants' demands. One of the individual defendants then forced plaintiff's head into the hood of the vehicle, causing pain to the plaintiff. This same officer then dragged plaintiff off of the vehicle and pinned him between the vehicle and a nearby fence and assaulted him about the head and body with punches. This same officer then forced plaintiff to the ground next to the vehicle and continued to assault him with kicks and punches about his head and body.

15. Thereafter, several other vehicles from the 120th Precinct arrived at the scene and several other NYPD officers exited the vehicles. These other officers joined the assault of the plaintiff by kicks and punches about his face and body.

Defendants then dragged plaintiff into an adjoining yard and continued to exert excessive force against him. Excessively tight handcuffs were then placed about his wrists and he was held down by an officer kneeling into his back.

16. While plaintiff was handcuffed and positioned facedown, the defendants continued to assault him with punches and kicks about his head and body. The defendant who was kneeling on his back bent plaintiff's thumb back to exert pain on plaintiff and to force him to indicate to his family (who witnessed the entire assault) that he was all right.

17. While plaintiff was handcuffed on the ground, the defendants inappropriately strip-searched him by removing his clothes and searching through them, and exposing his private area to onlookers and other non-essential employees of the NYPD who were on the scene.

18. As a result of this search, no contraband was found.

19. Plaintiff was then placed facedown in a "taco bag" by the defendants and was unable to breathe for a period of time due to the position he was in. This "taco bag" is essentially a body-bag type contraption that immobilizes the person placed in it. While plaintiff was in the "taco bag" the defendants continued to assault him with kicks and punches and on two separate occasions lifted him off the ground to a height of

at least two feet and allowed him to drop to the ground, causing him pain.

20. The defendants thereafter, unlawfully searched the vehicle without reasonable suspicion or probable cause.

21. Then defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime falsely arrested plaintiff.

22. Plaintiff complained about the defendants' conduct, telling the defendants that he had not committed any crimes and that the defendants were acting unlawfully.

23. Among other improper reasons, defendants were motivated to falsely arrest plaintiff, because of plaintiff's exercise of free speech.

24. During the arrest of plaintiff, the defendants committed excessive force against him by committing the above-described acts. Those defendants who did not touch him, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

25. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

at least two feet and allowed him to drop to the ground, causing him pain.

20. The defendants thereafter, unlawfully searched the vehicle without reasonable suspicion or probable cause.

21. Then defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime falsely arrested plaintiff.

22. Plaintiff complained about the defendants' conduct, telling the defendants that he had not committed any crimes and that the defendants were acting unlawfully.

23. Among other improper reasons, defendants were motivated to falsely arrest plaintiff, because of plaintiff's exercise of free speech.

24. During the arrest of plaintiff, the defendants committed excessive force against him by committing the above-described acts. Those defendants who did not touch him, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

25. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

26. Plaintiff was physically injured as a result of the excessive use of force, and suffered an AC Separation, facial contusions and abrasions, as well as a sprained thumb.

27. Thereafter plaintiff was taken to St. Vincent's Hospital at Richmond University Medical Center. While plaintiff was at Richmond University Medical Center, the defendants unnecessarily interfered with valid medical requests from the doctors and staff at the hospital who tried to treat plaintiff's injuries.

28. The plaintiff was then transported to the 120th Precinct, located in Staten Island, New York for arrest processing.

29. Upon plaintiff's arrival at the 120th Precinct, an attorney arrived to inform the officers that he represented the plaintiff. Despite this information, the following morning, while plaintiff was still detained at the 120th Precinct, two plain-clothes detectives removed him from his cell and interrogated him without informing his attorney or allowing him to speak with counsel on two separate occasions.

30. While plaintiff was incarcerated at the 120th Precinct awaiting arraignment, the defendants, pursuant to a conspiracy, falsely and maliciously initiated a prosecution against plaintiff in order to cover up their illegal treatment of plaintiff.

31.     Defendants falsely told the Richmond County District Attorney's Office that plaintiff had committed various crimes.  Based on the defendants' false allegations, the District Attorney's Office prosecuted plaintiff under docket 2009RI006926.

32.     Thereafter, the charges were dismissed after the matter was charged in a federal indictment in the Eastern District of New York, under criminal docket 10-087 (SLT).  The charges remain pending under this docket number.

33.     The aforesaid events are not an isolated incident.  Defendant City of New York is aware (from lawsuits, notices of claim, and complaints) that many of the NYPD's officers are insufficiently trained on the proper way to investigate an incident, use force, strip-search individuals, respond to complaints against them, and treat innocent and/or uninvolved individuals who are at an incident scene and/or investigation location.

34.     Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, City of New York has failed to take corrective action.  This failure caused the defendants in the present case to injure plaintiff, violate the law, and violate the plaintiff's rights.

35.     Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition

to be employed. Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

36. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low income neighborhoods, such as occurred here.

37. At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers.

38. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

39. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

40. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly and recklessly retained in its employ, the individual defendants, who

were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

41. The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the intentional and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

42. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

43. Plaintiff did not resist arrest at any time during the above incidents.

44. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

45. The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

46.  At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

47.  Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

48.  As a direct and proximate result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

49.  The plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

52. Accordingly, defendants are liable to plaintiff for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### SECOND CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

55. Accordingly, defendants are liable to plaintiff for false arrest and unlawful search and seizure under New York State law.

### THIRD CLAIM

### (EXCESSIVE FORCE)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. The individual defendants' use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

58. Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

### (ASSAULT)

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Among other things as described above, defendants' search and seizure, and use of force against plaintiff placed him in fear of imminent harmful and offensive physical contact.

61. Accordingly, defendants are liable to plaintiff under New York State law for assault.

### **FIFTH CLAIM**

**(BATTERY)**

62.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.  Among other things as described above, defendants' search and seizure, and use of force against plaintiff were illegal physical contacts.

64.  Accordingly, defendants are liable to plaintiff under New York State law for battery.

### **SIXTH CLAIM**

**(FREE SPEECH RETALIATION CLAIM)**

65.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66.  Plaintiff exercised free speech during the incident by, among other things, telling the individual defendants that he had not committed a crime, that the officers were mistreating him and that the individual defendants were acting in an unlawful manner.

67.  Plaintiff's use of free speech was a motivating factor in the individual defendants' decision to arrest, and prosecute him.  Accordingly, defendants are liable to plaintiff under the First Amendment to the United States Constitution for violating plaintiff's right to free speech.

## SEVENTH CLAIM

### (FAILURE TO SUPERVISE)

68. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69. The supervisor defendants are liable to plaintiff because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against plaintiff, and approved their unlawful actions.

## EIGHTH CLAIM

### (DENIAL OF THE SIXTH AMENDMENT RIGHT TO A FAIR TRIAL)

70. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71. Defendants are liable to plaintiff because they created false information likely to influence a jury's decision and forwarded that information to prosecutors, violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under the Sixth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

## NINTH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

72. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73. Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury;

and committed an overt act done in furtherance of that goal causing damage to plaintiff.

### TENTH CLAIM

### (42 U.S.C. § 1985 CONSPIRACY)

74. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

75. The individual defendants arrested plaintiff in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

76. Defendants are liable to plaintiff because they conspired against plaintiff based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiff of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiff.

### ELEVENTH CLAIM

### (UNLAWFUL STRIP SEARCH)

77. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

78. Defendants are liable to plaintiff because they strip-searched plaintiff without justification, reasonable cause or articuable suspicion in violation of the Fourth and Fifth Amendments to the United States Constitution.

## **TWELFTH CLAIM**

### (MONELL CLAIM)

79. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

80. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

81. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

82. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

83. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low-income

neighborhoods.

84. In addition, the following are municipal policies, practices and customs: (a) arresting innocent individuals, based on a pretext, in order to meet productivity goals; (b) fabricating evidence against individuals; (c) using excessive force against individuals; (d) retaliating against individuals who engage in free speech; and (e) unlawfully strip-searching individuals.

### THIRTEENTH CLAIM

#### (RESPONDEAT SUPERIOR CLAIM)

85. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

86. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiffs.

87. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: New York, New York
October 14, 2010

JAVIER A. SOLANO
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 5900
New York, New York 10118
(212) 714-6600
*jsolano@solanolegal.com*

MICHAEL O. HUESTON, ESQ.
MICHAEL P. KUSHNER, ESQ.
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
(212) 202-2634
*mhueston@nyc.rr.com*
*kushner.michael@gmail.com*

By: _____
Michael P. Kushner, Esq.